The act of 1808 forms of itself a complete system of descents, (280) so far only as regards the question of consanguinity. So far, and so far only, all prior laws are abrogated by it as coming within its purview and enactments. It affects not the law of descents in any other point. An alien son or brother is not by that act called to the inheritance, although the first may be the issue of the person who died actually seized or the second the next collateral relation of such person, there being a failure of his issue. The law of alienage being unaffected, by the act, as not relating to the question of consanguinity, upon which alone the act of 1808 operates, it is, therefore, not within its purview, that is, provisions. A person must, therefore, so far as regards consanguinity, bring himself within the rules prescribed by the act of 1808, for that act repeals all prior rules on that subject. But with personal qualifications or disqualifications that act has nothing to do. It does not repeal them, whether imposed by the common or statute law. That the act of 1808 embraces the rules and orders by which the consanguinii shall be called to the succession is apparent upon its face, for it is silent as to all other rules; nothing is said on the subject where there are no consanguinii or none who can take. The title of the lord by escheat, the widow under the act of 1801, are left to the operation of prior laws. In fact, if the act of 1808 is an entire provision on the subject, as I take it to be, it, of course, provides for the rule which it abrogates to providing another rule; for on that the abrogation depends. *Page 150 
Where, then, are its provisions for the present case? What other person does it call to the inheritance? To whom would the act of 1808 give this property? To no one. Then it has made no provision for it. Nor is it a casus omissus; for it does not affect to make provision for it. The law, therefore, of 1801, under which the plaintiffs claim, interposes not between the plaintiffs and one claiming under the act of 1808, but between the plaintiff and the State, claiming under the laws of (281) escheat. I, therefore, consider the act of 1801 as unaffected by the act of 1808, and that the judgment of the Superior Court should be
PER CURIAM. Reversed.
Cited: Rutherford v. Green, 37 N.C. 124; Winton v. Fort, 58 N.C. 250.